# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JERRY L. NIBECK, | |
| Plaintiff, | No. 16-CV-114-LRR |
| vs. | **ORDER** |
| ADAM CIRKL and MARK KJORMOE, | |
| Defendants. | |

_____

This matter is before the Court pursuant to Plaintiff's Motion to Withdraw (Doc. 47) and Motion to Stay (Doc. 48) the time to respond to Defendants' Motion for Summary Judgment (Doc. 43). For the reasons that follow, the Court grants plaintiff's motions.

## I. *FACTUAL AND PROCEDURAL HISTORY*

Plaintiff filed this suit pro se on June 10, 2016. (Doc. 1). On August 29, 2016, plaintiff filed a pro se motion for appointment of counsel. (Doc. 19). On September 8, 2016, the Court entered an order denying that motion. (Doc. 21). On November 16, 2016, attorney Blake Parker entered his appearance on behalf of plaintiff. (Doc. 29). Trial is scheduled for December 18, 2017. (Doc. 34).

On August 17, 2017, defendants filed a Motion for Summary Judgment. (Doc. 43). Plaintiff's resistance was due on September 7, 2017. LR 7(e) (a resistance to a motion for summary judgment is due within twenty-one days). Plaintiff filed a *pro se* resistance to the Motion for Summary Judgment on August 28, 2017. (Doc. 46).

On August 29, 2017, counsel for plaintiff filed both a Motion to Withdraw, citing irreconcilable differences and urging that good cause exists to allow counsel to withdraw

1

(Doc. 47-1), and a Motion to Stay, seeking to stay the time for filing a resistance pending resolution of the Motion to Withdraw (Doc. 48). As support for the Motion to Withdraw, counsel turns to the *pro se* resistance plaintiff filed in which plaintiff alleges his own counsel colluded with counsel for defendants and threatened to drop plaintiff's case. (Doc. 47-1). Defendants filed a resistance to both motions. (Doc. 49). Plaintiff also filed a pro se resistance to the motion to withdraw. (Doc. 50).

On September 26, 2017, the Court held a hearing on these pending motions. Plaintiff's counsel indicated that plaintiff's conduct in filing documents pro se, and the allegations plaintiff has made against plaintiff's counsel, along with other matters that plaintiff's counsel could not reveal without breaching the attorney-client privilege, has resulted in a breakdown in the attorney-client relationship. Plaintiff's counsel indicated that he believed he had an ethical obligation to withdraw as counsel. Defendants indicated they did not dispute the factual issues giving rise to the attorney-client conflict or the breakdown in that relationship. Nevertheless, defendants objected to the withdrawal and the extension of any deadline for plaintiff to respond to the pending motion for summary judgment. To the credit of defense counsel, defendants conceded that there was no real prejudice to a further extension of the deadline other than the general right a party has to the speedy resolution of a legal dispute, as reflected in Rule 1 of the Federal Rules of Civil Procedure. Plaintiff indicated an intent to hire new counsel if his attorney was allowed to withdraw.

## II. DISCUSSION

Local Rule 83(d)(6) provides that "[a] lawyer who has appeared in a case and desires to withdraw from representation of a party is not relieved of his or her duties to the court, to the client, or to opposing counsel until" either (A) new counsel enters an appearance or "(B) the withdrawing lawyer has filed a motion withdraw . . . and has

received leave of court to withdraw for good cause shown." LR 83(d)(6). Pursuant to the Iowa Rules of Professional Conduct, an attorney "may withdraw from representing a client" upon a showing of "good cause." Iowa Rule 32:1.16(b)(7). Here, plaintiff's insistence on filing pro se pleadings while represented by his attorney, combined with the nature of the allegations plaintiff has made against his attorney (suggesting his attorney is in collusion with defendants), provides good cause for plaintiff's counsel to withdraw. Plaintiff's conduct has placed his attorney in a position where the attorney can no longer ethically represent plaintiff and has created irreconcilable differences between plaintiff and his attorney. Accordingly, the Court grants plaintiff's counsel's motion to withdraw. (Doc. 47).

The Court will now turn to plaintiff's motion to stay or extend the deadline for responding to the pending motion for summary judgment. First, plaintiff's attempted pro se resistance to the motion for summary judgment will not be recognized by the Court because plaintiff was represented by counsel when it was filed. *United States v. Hunter*, 770 F.3d 740, 746 (8th Cir. 2014) ("It has long been Eighth Circuit policy that when a party is represented by counsel, we will not accept pro se briefs for filing." (citations and internal quotation marks omitted)). Plaintiff's pro se filing also failed to comply with Local Rule 56. Second, the Court is sympathetic to defendants' desire for a speedy resolution of this lawsuit. This Court takes very seriously the mandate of Rule 1 of the Federal Rules of Civil Procedure and laments the additional cost in time and money occasioned by delays in the resolution of civil cases. Nevertheless, the Court cannot find that defendants would be seriously prejudiced by a short extension of time to allow plaintiff to retain new counsel and to file a resistance to the motion for summary judgment. In contrast, failing to provide plaintiff more time to file a resistance to a dispositive motion, under the circumstances, would cause him obvious and serious prejudice. Accordingly, the Court grants plaintiff's motion to stay. (Doc. 48).

### *III.   CONCLUSION*

For the reasons stated above, the Court **grants** plaintiff's counsel's motion to withdraw (Doc. 47) and motion to stay (Doc. 48).  Plaintiff will have until October 30, 2017, to retain new counsel and have that attorney enter his or her appearance.  If no attorney enters an appearance on behalf of plaintiff by that deadline, the Court will consider plaintiff to be proceeding pro se in this matter.  Plaintiff shall file any resistance to the pending motion for summary judgment no later than November 30, 2017.  The Court reminds plaintiff that any resistance filed by plaintiff must be in full compliance with Local Rule 56.  The Court will set a new trial date and trial-related deadlines in a separate order.

**IT IS SO ORDERED** this 27th day of September, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa